**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff-Appellee,<br><br>v.<br><br>CRISTABEL LEE MEJIA-ZAYAS,<br><br>Defendant-Appellant. | No. 19-30265<br><br>D.C. No.<br>3:18-cr-00093-SLG-1<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Alaska
Sharon L. Gleason, District Judge, Presiding

Submitted June 15, 2021[**]
Anchorage, Alaska

Before: RAWLINSON, CHRISTEN, and R. NELSON, Circuit Judges.

Defendant-Appellant Cristabel Lee Mejia-Zayas appeals her conviction for

possession of a controlled substance with intent to distribute in violation of 21

U.S.C. §§ 841(a)(1), (b)(1)(B). Defendant contends that the district court wrongly

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

denied her motion to suppress all statements made by Defendant and all physical evidence seized by law enforcement agents subsequent to her arrest because the agents lacked probable cause to arrest her. "Reviewing de novo the denial of the motion to suppress," we affirm the conviction. *United States v. Brooks*, 610 F.3d 1186, 1193 (9th Cir. 2010) (citation omitted).

The district court did not err when denying the motion to suppress because law enforcement agents had probable cause to arrest Defendant for drug trafficking. A cooperating informant admitted to past dealings with a drug trafficker and described in detail how the drug trafficker operated. The agents confirmed the informant's statements by having the informant arrange a meeting place to purchase a large quantity of heroin, while viewing the text messages between the informant and the drug trafficker in real time. The text messages indicated that the drug trafficker's "lil sis" would meet the informant at a store, which corroborated the informant's statement that the drug trafficker used women to deliver the drugs to store parking lots. Shortly thereafter, a female called the informant using a phone number registered to Defendant, and arranged a meeting with the informant in the store parking lot. The agents identified Defendant as the sister of the drug trafficker.

Using a photograph of Defendant and the vehicle description provided by Defendant to the informant, the agents identified Defendant as she pulled into the parking lot. As instructed in the text message, Defendant parked near a blue Jeep Liberty vehicle. After her arrest, Defendant's fanny pack was searched with her consent, and agents discovered approximately 510 grams of heroin.

Our precedent supports the district court's determination that the agents had probable cause to arrest Defendant for drug trafficking. *See, e.g., United States v. Tarazon*, 989 F.2d 1045, 1048-49 (9th Cir. 1993) (holding that probable cause to arrest existed when an informant described prior drug dealings with a defendant, arranged a drug deal while permitting law enforcement to monitor communications between the informant and the defendant, and those communications and other actions by the defendant confirmed the informant's statements).

**AFFIRMED.**